**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

-vs-  Case No. 8:04-CR-438-T-30TBM

JUAN HURTADO-JARAMILLO,

    Defendant.
_____/

**ORDER**

Before the Court is Defendant's Motion for Return of Personal Property (Dkt. 223) filed pursuant to Fed. R. Crim. P. 41(e). Represented by court-appointed counsel, *see* Dkt. 42, Defendant entered a guilty plea to the charges of possession with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine and conspiracy to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine while aboard a vessel subject to United States jurisdiction on December 7, 2004, (Dkt. 98) without benefit of a written plea agreement. On March 30, 2005, he was sentenced on each count to serve a 168-month term of imprisonment, to be followed by a 60-month term of supervised release, with the sentences to run concurrently (Dkt. 153).

Defendant asserts that when he was arrested the Government seized the following items of personal property belonging to him:

| | |
|---|---|
| 1 | Gold watch with black panel |
| 1 | Gold chain with a star |
| 2 | Gold rings |
| 1 | Wallet |
| 1 | ID Card (cedula de Ciudadania) |
| | 900.000 Columbian currency |

Rule 41(g)[1] provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized." Fed. R. Crim. P. 41(g). Although Defendant did not file the instant motion until after the criminal proceedings against him were concluded, the Court can treat the motion as a civil complaint for equitable relief rather than a motion pursuant to Rule 41(g). *See United States v. Potes Ramirez*, 260 F.3d 1310, 1314-15 (11th Cir. 2001); *United States v. Martinez*, 241 F.3d 1329 (11th Cir. 2001) (citing *Rufu v. United States*, 20 F.3d 63, 65 (2d Cir. 1994) (finding that "the district court where a defendant is tried has ancillary jurisdiction to decide the defendant's post-trial motion for return of seized property. If made after the termination of criminal proceedings against the defendant . . . such a motion should be treated as a civil complaint for equitable relief.").

UPON consideration, the Court **ORDERS** that:

1. The Government shall file a response to Defendant's Motion for Return of Personal Property (Dkt. 223) within **THIRTY (30) DAYS** hereof.

2. The **Clerk** shall enclose a **copy of the docket sheet** for this case with Defendant's copy of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 14, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Pro Se* Defendant/Counsel of Record

---

[1] The 2002 amendments to Rule 41 reworded and renumbered the substance of Rule 41(e) as 41(g). These amendments did not, however, enact any substantive changes to the rule.